IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12cv111

| | | |
|---|---|---|
| ERNEST TROY MESSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MOR PPM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand [Doc. 8].

## PROCEDURAL HISTORY

In a Complaint filed on May 1, 2012 in state court, the Plaintiff alleged causes of action against the Defendant for wrongful discharge in violation of North Carolina public policy and for violation of North Carolina's Retaliatory Employment Discrimination Act. [Doc. 1-1]. The Plaintiff sought compensatory, punitive and treble damages. [Id.]. On the first page of the Complaint, the Plaintiff made the following disclaimer:

> Plaintiff hereby disclaims entry of judgment in his favor and against Defendant in excess of $75,000.00, including punitive damages, statutory treble damages and/or attorney's fees, but excluding interest and costs.

[Id. at 5].

Notwithstanding this disclaimer, the Defendant MOR PPM, Inc. timely removed this action on May 29, 2012 based on diversity jurisdiction.[1] [Doc. 1]. In the Notice of Removal, counsel for the Defendant states: "Although the Complaint purports to 'disclaim' entry of judgment for Plaintiff in excess of $75,000.00 ..., it is plain from the face of the numbered paragraphs of the Complaint's Prayer for Relief that the Complaint seeks an amount that is in excess of $75,000.00." [Doc. 1 at 2]. The Defendant subsequently filed Answer but did not assert any counterclaims. [Doc. 2].

On June 28, 2012, the Plaintiff timely moved to remand this action to state court. [Doc. 8]. The Defendant has responded. [Doc. 9].

## DISCUSSION

The jurisdictional statutes provide that an action filed in state court may be removed to any federal court which would have original jurisdiction, 28 U.S.C. §1441(a), and that district courts have original jurisdiction over civil matters in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, if the dispute involves citizens of different states. 28 U.S.C. §1332(a)(1). Here, the Plaintiff disclaimed on the face of the Complaint that he seeks any sum in excess of $75,000.00, exclusive of interest and costs. "Unless the law gives a different rule, the sum claimed by

---

[1] Diversity of citizenship is undisputed.

the plaintiff controls if the claim is apparently made in good faith." JOMA Systems, Inc. v. GKN Sinter Metals, Inc., 2007 WL 2993810 **2 (W.D.N.C. 2007) (internal quotation and citation omitted). Thus, at the time of removal, the amount in controversy did not exceed $75,000.00 and the case was improperly removed. No Regrets Properties, Inc. v. Neighborhood Sports Pub Concepts, Inc., 2011 WL 2294195 (D.S.C. 2011); Pigg v. Progressive Cas. Ins. Co., 2006 WL 1789145 (W.D.N.C. 2006) (whether jurisdictional amount is met is determined as of the time the complaint was filed).

In support of the motion to remand to state court, the Plaintiff filed a Stipulation in which he reiterated the disclaimer contained within his Complaint.

> Plaintiff Ernest Troy Messer hereby states and stipulates that the amount of compensatory damages (including lost wages, lost benefits and other economic losses), punitive damages, statutory treble compensatory damages, front pay in lieu of reinstatement, and attorneys' fees he claims in this civil action is, in total amount, less than $75,000.00 inclusive of all of the above-stated elements of recovery.
>
> Plaintiff Messer further stipulates that he will not demand or accept a judgment for a total amount of the above-stated elements of recovery in excess of $75,000.00 and he hereby agrees and consents to a remittitur of any award of all of the elements of recovery (damages and attorneys' fees) which is in excess of $75,000.00 (exclusive of interest and taxable costs other than attorneys' fees).

[Doc. 8-1]. Such stipulations and disclaimers have been held to be effective

3

in establishing that the Court lacked jurisdiction. No Regrets Properties, 2011 WL 2294195; Soos v. Kmart Corp., 2009 WL 192447 (N.D.W.Va. 2009); Lawson v. Tyco Electronics Corp., 286 F.Supp.2d 639 (M.D.N.C. 2003); Gwyn v. Wal-Mart Stores, Inc., 955 F.Supp. 44 (M.D.N.C. 1997) (considering post-removal stipulation waiving recovery in excess of $50,000.00 where state court complaint was required to claim an indeterminate amount). Neither party has presented anything to the Court indicating that the amount in controversy exceeds $75,000. There is no basis in the record for any finding to support denial of remand. On the contrary, the uncontroverted evidence points to the amount in controversy being less than $75,000. Therefore, the Court finds that the amount falls short of the threshold, and remand will be granted.

The Defendant, however, in response to the Motion for Remand, appears to seek to go one step farther. Defendant states that "if this Court deems Plaintiff's stipulation to be conclusive and binding upon him as clarifying and capping the total amount of recovery, inclusive of attorneys' fees, which he may be awarded[,]" then, in that event, the Defendant does not oppose remand. [Doc. 9 at 3]. The Plaintiff has stipulated that the amount in controversy is less than $75,000.00, exclusive of interest and costs. Hogan Properties Const., Inc. v. Builders Mut. Ins., 2012 WL 1745587 (D.S.C. 2012).

4

The Defendant has not opposed this stipulation nor presented anything to indicate it is incorrect. Id. To the extent the Defendant seeks an advisory opinion from the Court concerning the binding nature of this Stipulation such is not necessary to dispose of this question before this Court. In response to the motion to remand, the Defendant has neither rebutted the Plaintiff's contentions nor produced any evidence to demonstrate the amount in controversy meets the jurisdictional threshold. Sorum v. J.C. Penney Corp., Inc., 2011 WL 221708 (E.D.N.C. 2011). Defendant therefore has not met its burden to show subject matter jurisdiction, regardless of the answer to the technical question of whether the stipulation may be binding. Id. Jurisdiction has not been shown, so the case will be remanded. Hogan, supra.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand [Doc. 8] is hereby **GRANTED** and this matter is remanded to the North Carolina General Court of Justice, Superior Court Division, Haywood County.

Signed: July 3, 2012

Martin Reidinger
United States District Judge